## GROW v. CRITTENDEN, GARNISHEE.

1. **Assignment for Benefit of Creditors, or Mortgage:** INTENTION OF PARTIES GOVERNS. *Cadwell's Bank v. Crittenden, ante,* 237, followed.

2. **Bill of Sale as Security:** GARNISHMENT OF VENDEE: QUESTION OF COSTS. Where the debtor gave to defendant a bill of sale of certain choses in action as security for the debt, and at the same time it was *orally* agreed that defendant should not only satisfy the debt, but also pay the costs of collection, out of the proceeds, *held* that the oral agreement was valid, and was binding upon another creditor who afterwards garnished the defendant for the purpose of reaching the surplus of the proceeds.

*Appeal from Harrison District Court.*

THURSDAY, JUNE 4.

*J. H. Smith* and *A. W. Clyde,* for appellant, (plaintiff.)

*S. I. King* and *Wright, Baldwin & Haldane,* for appellee.

REED, J.—The issues in this case are the same as in *Cadwell's Bank v. Crittenden, ante,* 237, and the two causes were submitted in the district court on the same evidence.

In addition to the questions determined in that case, it is urged by appellant that the provision of the judgment under which the garnishee is authorized to pay the costs and expenses incurred in collecting the accounts and insurance policies assigned to him by Creager out of the moneys collected thereon is erroneous. The position of counsel is that, as the instrument under which the garnishee claims the property makes no provision for the payment of the costs and expenses of making the collections out of the proceeds, he ought not to be permitted to appropriate any portion thereof to that use. The instrument is in form a bill of sale, and if full effect was to be given to its terms it would vest the garnishee with the absolute title to the property. But under a familiar rule of law the parties were permitted to show by parol that it was intended as a mere security. The parol evidence shows that the oral agreement between Creager and the garnishee was that the latter should collect the accounts and insurance policies, and account to Creager for any balance of the proceeds remaining after the costs and expenses of making the collections were paid and the secured debts were satisfied. This agreement, as was held in the other case, is valid. The judgment, in the provision in question, gives force to one of its stipulations. We think it is right, and it will be

AFFIRMED.